People v. Melvin Rudd Mr. Evers, when you're ready, would you proceed, please? Good morning, Your Honors. This is the case of Melvin Rudd. He was convicted of burglary and retail theft. We're only contesting the burglary conviction before Your Honors, arguing that the evidence is insufficient for a conviction. Mr. Rudd was convicted of this retail theft and burglary of a Walmart in Collinsville. He, like millions of other people that day, went to either a Walmart, Kmart, Sears, and entered. He, like millions of other people who were out shopping and collecting merchandise, went and got a shopping cart. He, like millions of others, went out into the area where there was merchandise. He was with another person. That other person also got a shopping cart. What is different about this case is that the loss prevention manager of Walmart followed them around, and he had suspicions about what they might be doing. Eventually, what occurred is that while they were in the Walmart, the other man put a steam vac cleaner and another vacuum cleaner into his shopping cart, and Mr. Rudd did the same thing, got the same merchandise, and pushed it off. The other man went to the checkout, checked out. Apparently left and then came back with the receipt for that merchandise and handed it to Mr. Rudd. Mr. Rudd then went towards the exit and was allowed to proceed past the Walmart breeder that used to be there. After she left and through the loss prevention manager stopped Mr. Rudd, this is not enough for conviction of burglary. This is just as consistent with entering a Walmart with an intent that is lawful as it is with an intent to commit a theft. The only thing that we really have to base the theft conviction or the burglary is the actual theft later on. The state will point to a lot of things that they believe shows that this was well thought out and well planned, and that they had this idea when they entered, but all of what they point to is just as consistent with people entering a Walmart, entering any retail establishment, and then later on deciding that they're going to be committing a theft. Did we know how long they were in the store before they started monitoring them? Almost immediately. Does that lend to circumstantial evidence that maybe this was a plan they had? That is some kind of circumstantial evidence, but that is more in the suspicion part, and that is not in terms of what happens at the time of entering. And that is the critical point at which we have to talk about in terms of burglary. Well, it seems to me, though, that because it was kind of in concert that they had to have something planned at some point in order to carry out this kind of identical process of checking one item out and then coming back in with the receipt and trying to get it. At some time, they came up with some kind of plan. Right. Whether that was shown at the time of entry is the real question, and I would argue to Your Honor that that is not shown just simply by the simple fact that later on, that there is some kind of theft. That is just simply the suspicion of the loss prevention officer at the time, and then it develops up. There is some kind of talking back and forth, maybe while they're inside. Maybe the other man had went in and was going to buy something, and Mr. Rudd then decided that this would be the moment of opportunity. All of these things are just kind of speculation and suspicion. The only firm thing you have is the intent shown when he moves past the last checkout point without paying for it and having that receipt in his hand. So you're saying that it was improper for a court to consider anything up to the point where they attempted the theft, essentially. The fact that they walk in and they go immediately and start putting identical items in both of their carts is not something that can be considered circumstantially as a plan that they came in. I'm just saying that in this case, it's not enough. Without something showing at the time that they entered that that was definitely their plan. And it is a matter of actual resolution, except this court has a duty to make sure that what is presented as evidence meets a minimum level of what factual situations will meet the definition of what is entering with the intent to commit a theft. Thousands and thousands of thefts occur in retail establishments. Just because somebody goes in and then commits a theft doesn't mean that they plan that all along. Most thefts occur because they are seen as opportunistic. In this case, you have to look at what is the evidence showing that he had an intent to commit a theft at the time. And I would suggest to your honors that that is simply because a theft did occur. That is simply pretty much circular reasoning. Consequently, since it is consistent with entry without the intent, we would ask your honors to reverse. When I was preparing for the oral argument the last several days, I noticed that I probably made a mistake in fully asking for relief. I just asked for reversal of the conviction. I would also suggest that I would have needed to put in to the request for relief that you vacate the sentence of theft and remand for resentencing because if you reverse the conviction for burglary, that might have influenced the court in providing a more severe sentence on the theft, which was a lesser offense that he would have imposed if the burglary conviction was not being imposed at the same time. I would apologize to your honors for that. But the important principle is that if you reverse on burglary, then that might have affected the sentence of theft. And we would ask you to also remand for resentencing on theft. Thank you, your honors. Thank you. Mr. Daley? Good morning. We're, of course, not here for a trial here to decide whether or not there are sufficient facts for a rational trial or fact to find the defendant guilty of the offense of burglary. The courts have developed what's been called the public building aspect of burglary, where the unauthorized entry is often shown by the intent to commit a theft, provided that intent is formulated prior to the entry itself. So, in other words, although a wall arm is open to the public for business, it's not considered an authorized entry if your entry is to commit a theft inside. Now, since defendants don't typically enter establishments with a sign saying, I'm here to steal from your store, oftentimes there's nothing but circumstantial evidence in which a trial fact is to rely upon in order to find that these elements exist. Intent is often only being able to be proved by circumstantial evidence. In this case, there's testimony, I think, by this loss prevention officer. They did see the defendant and his cohort together for about two to three minutes before they had separated, and I think the defendant was in the store for a total of about ten minutes. That's what I have in my notes here. So I'm assuming that I'm correcting that in regards to what the evidence shows. They did come in together. They went to the same place. They took two of the same items, clearly for a purpose, which became assumed evidence when the defendant's cohort went and paid for the items, got the receipts, then came back from the store, handed them to the defendant, who then proceeded to the exit, where, of course, sometimes, but not always, the Walmart door checker will check the receipt to make sure that you purchased the items. Now, I'm not sure under what circumstances that you can prove an intent to commit a theft if these circumstances don't establish it, because there's no doubt that the elaboration of the plan showed that there was a specific intent of what we're going to do when we enter the store. They went right to the same items. They took the same items, went right and paid for them. The defendant meandered around the store waiting for his partner to come back in, and then the defendant went right to the exit. To suggest that this is some sort of spontaneous realization after the end of the store that they can come up with this whole elaborate scheme is not something that the trier can easily reject when deciding whether or not there's evidence that shows that the defendant's had, he had circumstantial evidence to show that the defendant's had come up with this plan when they entered the store. There's certainly sufficient evidence to justify that. Now, the defendant says, well, it's just as likely it's this. But that is the determination that the trier of fact has given the responsibility of making, and clearly the trier of fact here saw that there's sufficient evidence, and clearly the record supports that proposition that there's sufficient evidence for a trier of fact. To show that there was an intent to steal that formula prior to entry of the store. The facts are very simple, and they're very straightforward. Again, we're not retrying the defendant. This is whether or not these facts would justify the trier of fact's ultimate conclusion that the state had proven by circumstantial evidence that that intent to commit a theft happened and existed at the time of the end of the store. Under this type of elaborate scheme that they did, it wasn't just somebody wandering around and all of a sudden one just had an idea to pluck something off the shelf. This was a master plan from beginning to end. The trier of fact clearly saw the facts for what they were. Their verdict was justified and fair, and it passes the court to affirm. Thank you. Any rebuttal? Just briefly. Okay. I'm really interested in that word, elaborate plan. Two words. Elaborate. I mean, how elaborate is any retail theft? People go into a merchandise store. They go pick up stuff and try and pick it up. It's not like they were doing a lot of different things than what normal retail thefts occur, and I just don't see how this is described as so elaborate that they had to have that idea in their head at the time they were out in the parking lot at Walmart and have it at the time they crossed the plane of the door and the entry. I mean, entering a Walmart, entering a Sears, entering a Kmart, anybody who has the idea that they might commit a theft sometime in the indefinite future and then they decide, well, today's the day is going to be committing some kind of burglary after that idea, and this was not an elaborate plan. You can just come up with that on the spur of the moment in the aisles of Walmart, and for the most part, that's what we believe Your Honors should rule. Consequently, we ask Your Honors to reverse and remand for reasons. Thank you. Okay, thanks to both of you for your arguments this morning. We'll take the matter under advisement and provide you with a decision.